1

2

3            UNITED STATES DISTRICT COURT

4            NORTHERN DISTRICT OF CALIFORNIA

5                  OAKLAND DIVISION

6

7   RENIE J. ARIAS,

8                  Petitioner,                No. C 13-3217 PJH (PR)

9     vs.                                     **ORDER GRANTING MOTION TO STAY AND ADMINISTRATIVELY CLOSING CASE**

10  TIM VIRGA,

11                  Respondent.
                                        /
12

    Petitioner filed a pro se petition for a writ of habeas corpus that contained one
13
    exhausted and one unexhausted claim.  As petitioner had presented a mixed petition he
14
    was ordered to either file an amended petition with only the exhausted claim or file a motion
15
    to stay.  He has filed a motion to stay.
16
    The United States Supreme Court has held that the district court may stay mixed
17
    habeas petitions to allow the petitioner to exhaust in state court. *Rhines v. Weber*,
18
    544 U.S. 269, 277-78 (2005).  The district court's discretion to stay a mixed petition is
19
    circumscribed by AEDPA's stated purposes of reducing delay in the execution of criminal
20
    sentences and encouraging petitioners to seek relief in the state courts before filing their
21
    claims in federal court. *Rhines*, 544 U.S. at 277.  Because the use of a stay and abeyance
22
    procedure has the potential to undermine these dual purposes of AEDPA, its use is only
23
    appropriate where the district court has first determined that there was good cause for the
24
    petitioner's failure to exhaust the claims in state court and that the claims are potentially
25
    meritorious. *Id.*  Moreover, where granting a stay, the district court must effectuate the
26
    timeliness concerns in AEDPA by placing "reasonable limits on a petitioner's trip to state
27
    court and back." *Id.* at 278.
28

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1    Petitioner has met the conditions outlined above and the court will grant a stay

2  pursuant to *Rhines.*[1]

**CONCLUSION**

4    1.  Petitioner's motion for a stay (Docket No. 6) is **GRANTED** and this case is

5  **STAYED** to allow petitioner to present his unexhausted claim in state court.  If petitioner is

6  not granted relief in state court, he may return to this court and ask that the stay be lifted.

7    The stay is subject to the following conditions:

8    (1) Petitioner must diligently pursue his state court habeas proceedings; and

9    (2) petitioner must notify this court within thirty days after the state courts have

10  completed their review of his claim or after they have refused review of his claims.

11    If either condition of the stay is not satisfied, this court may vacate the stay and act

12  on this petition.  *See Rhines v. Webber*, 544 U.S. 269, 278 (2005) (district court must

13  effectuate timeliness concerns of AEDPA by placing "reasonable limits on a petitioner's trip

14  to state court and back.").

15    The clerk shall administratively close this case.  The closure has no legal effect; it is

16  purely a statistical matter.  The case will be reopened and the stay vacated upon

17  notification by petitioner in accordance with section (2) above.

18    **IT IS SO ORDERED.**

19  Dated:     October 16, 2013.    _____

20                    PHYLLIS J. HAMILTON
                    United States District Judge

21

22

G:\PRO-SE\PJH\HC.13\Arias3217.sta.wpd

23

24

25

26

27    [1] Petitioner is informed that the exhaustion requirement is satisfied by providing the
    highest state court with a full and fair opportunity to consider each claim.  *Duncan v. Henry*,

28  513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971).

2