UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RENIE J. ARIAS,
        Petitioner,

v.

TIM VIRGA,
        Respondent.

Case No. 13-cv-03217-PJH

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

This is a habeas corpus case filed pro se by a state prisoner pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the writ should not be granted. Respondent filed an answer and lodged exhibits with the court. For the reasons set out below, the petition is denied.

## BACKGROUND

In May 2011, petitioner was convicted of first degree felony murder and first degree robbery by a Contra Costa County jury. Clerk's Transcript ("CT") at 337-43. Petitioner was sentenced to 25 years to life in prison and a concurrent 3-year prison term for the robbery count in July 2011. *Id.*

On April 30, 2012, the California Court of Appeal affirmed the conviction and modified the judgment to reflect that the 3-year prison sentence be stayed to become permanent upon completion of the 25-year-to-life term. Answer, Ex. 7 at 8. On July 11, 2013, petitioner filed a timely habeas petition in this court. Three months later, this court granted petitioner's request to stay the petition while he exhausted a remaining claim in state court. CT at 7. On May 14, 2014, the Supreme Court of California denied his state claim. *In re Arias*, S217185. On July 3, 2014, this court lifted the stay, reopened the

case and ordered respondent to show cause why the petition should not be granted. CT at 12.

## STATEMENT OF FACTS

The facts relevant to the petition, as described by the California Court of Appeal, are as follows:

> Because defendant does not challenge the sufficiency of the evidence to support his convictions, and because the contentions he advances on this appeal are not dependent on the trial record, only a brief description of the crimes is necessary.
>
> It appears that the victim, Kenic Echeverria, was something like the neighborhood fence. He also seems to have had a problem keeping his car from being impounded. Both of these circumstances caused him to have the reputation of carrying large sums of money on his person. David Hernandez and defendant, both of whom had sold stolen property to Echeverria, decided to rob him. Defendant believed there was no plan to kill Echeverria. But on May 19, 2008, as soon as Hernandez and defendant were alone with Echeverria, Hernandez shot him. Money was taken from the victim and split between Hernandez and defendant, who also took his car.

*People v. Arias*, No. A132893, 2012 WL 1492336, at *1 (Cal. Ct. App. April 30, 2012).

## STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *see Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *see Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13.  A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case."  *Id.* at 413.  The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  *Id.* at 411.  Rather, the application must be "objectively unreasonable" to support granting the writ.  *Id.* at 409.

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding."  *See Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

The state court decision to which § 2254(d) applies is the "last reasoned decision" of the state court.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Barker v. Fleming*, 423 F.3d 1085, 1091-92 (9th Cir. 2005).  When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion.  *See Nunnemaker* at 801-06; *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000).  The court looks to the California Court of Appeal opinion for the first claim in the petition and to the Contra Costa County Superior Court decision denying the state petition for the second claim.

**DISCUSSION**

As grounds for federal habeas relief, petitioner asserts that: (1) the trial court abused its discretion by denying petitioner's request for advisory counsel; and (2) the trial court violated due process by denying his request for a continuance.

**I.      ADVISORY COUNSEL**

Petitioner asserts that the trial court abused its discretion by denying his request for advisory counsel after petitioner elected to proceed pro se.

**BACKGROUND**

The California Court of Appeal set forth the following facts:

> The information against defendant was filed in July 2009. In December of the following year, defendant moved to have the public defender relieved as his counsel and to represent himself as permitted by *Faretta v. California* (1975) 422 U.S. 806. The motion was granted.
>
> In January 2011, defendant submitted handwritten motions for "court appointed legal runner" and "court appointed investigator." Both motions were granted. Defendant thereafter peppered the court with his motions, some of which were granted, some not.
>
> In May of 2011, defendant submitted two motions to have a specific private counsel, Joseph M. Tully, appointed to defend him. The motions were heard on May 9, one week before the set trial date. The court granted the motion insofar as defendant was seeking to have counsel appointed, but denied it by refusing to appoint Mr. Tully. The court was explicit about what this entailed:
>
> "Mr. Arias, I'm going to deny your request to appoint a particular attorney. I will refer you back to the public defender's office. If they conflict, then it might go to the alternate defender or it might go to the conflicts panel and you may or may not, if they conflict, get Mr. Tully. But I'm not going to directly appoint Mr. Tully."
>
> The prosecutor made the same point: "You understand, sir, that you're going to get referred back to the public defender's and in all likelihood you could get the same attorney [i.e., the same individual who represented defendant before he elected to represent himself]. We can't guarantee that. Knowing that, do you still wish to have counsel appointed or do you wish to continue representing yourself?
>
> "THE DEFENDANT: I wish to have counsel appointed."

The prosecutor then inquired "if the court's going to vacate the jury trial on the 16th." The court responded "I do not intend to vacate it today."

Three days later, on Thursday, May 12, four days before the trial date, defendant filed a "Motion For Advisory and/or Standby Counsel," again specifying his desire for Mr. Tully. A public defender advised the court that "We're prepared to accept Mr. Arias' case back, and what I'd like to do is put this over to-set on May 25 ... if that's acceptable." The prosecutor was agreeable, but he noted "I do think that we have to address Mr. Arias' latest motion which is a motion for advisory counsel."

The court inquired of defendant, "I assume you're asking that the public defender be appointed as advisory counsel as opposed to your counsel for all purposes?" Defendant replied: "Yes, if I don't get Mr. Tully. I was under the impression that the Public Defenders Alternate won't do an advisory." After the public defender confirmed "That is correct," the court stated: "I do not find good cause in this matter to grant advisory counsel. It is within my discretion. [¶] So your choice is you earlier confirmed the trial for .. the 16th. So do you want to go to trial on Monday, or do you want to be referred to the Public Defender for them to represent you as counsel of record?"

At this point the prosecutor spoke up:

"MR. GROVE: Judge, could I interpose here for a second? ... [¶] I did happen to do some research on the advisory counsel issue and it is within the court's discretion but I do believe that there are a number of factors which weigh for the court denying his request for advisory counsel including his extensive rap sheet with numerous contacts with the criminal justice system, his demonstration of ability to understand the legal system as evidenced by his numerous discovery motions, continuance motions and appointment of counsel motions. He has credibly, lucidly discussed the case both on the record and off the record and I also think there's evidence he's manipulating the system here as he is asking for Mr. Tully to be the advisory counsel after it was denied that Mr. Tully would be appointed counsel. With that, I'm prepared to proceed.

"THE COURT: All right, I do accept all of Mr. Grove's arguments; I concur with him for the record. [¶] So, Mr. Arias, do you want the public defender to be your counsel of record? They have accepted. [¶] Or do you wish to proceed to trial in pro per? [¶] I will not grant a motion for advisory counsel.

"THE DEFENDANT: There's no way I can get an advisory?

"THE COURT: I denied that motion.

"THE DEFENDANT: I feel like I can represent myself better in

> trial better with an advisory that way I can speak my mind.
>
> "THE COURT: I heard you and read your motion and your motion is denied."
>
> After discussing another matter, the court again asked defendant: "Do you wish to proceed to trial next week in pro per, or do you wish to be represented by the public defender as counsel of record? [¶] ... [¶] Mr. Arias, you should be aware that once the trial date has arrived, it is within the complete discretion of the trial court whether to allow you to then literally on the eve of trial ask for a lawyer. So if you decide today to go forward in pro per status, it may be to your peril if you decide to change your mind next week so I will ask you to very carefully consider do you want me to appoint the public defender to represent you, and they're willing to accept you today, or do you wish to proceed to trial on Monday, the 16th, representing yourself?" Defendant elected to "Proceed to trial."
>
> At the start of trial proceedings on May 16, the trial court confirmed with defendant "that it is your desire to . . . represent yourself."

*Arias*, 2012 WL 1492336, at *1-3. (Omissions in original).

**LEGAL STANDARD**

A defendant in a criminal proceeding has a constitutional right to waive the assistance of counsel if he or she so wishes. *Faretta v. California*, 422 U.S. 806, 819-20 (1975). A court must ensure that this waiver was made "knowingly and intelligently" so that a litigant is "aware of the dangers and disadvantages of self-representation." *Id.* at 835. *Faretta* further provides that it is within a trial court's power to "appoint a 'standby counsel' to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary." *Id.* at 834 n.46. However, this "does not *require* a trial judge to permit 'hybrid' representation." *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984) (emphasis added). A pro se defendant who has waived his right to counsel via *Faretta* "does not have a constitutional right to choreograph special appearances by counsel." *Id.* Accordingly, it is within a court's discretion to deny a request for advisory counsel. *See United States v. Kienenberger*, 13 F.3d 1354, 1356 (9th Cir. 1994) (upholding a denial of advisory counsel as within the court's discretion after petitioner was repeatedly

6

dissatisfied with his public defender and insisted upon representing himself); *Locks v. Sumner*, 703 F.2d 403, 408 (9th Cir. 1983) (ruling that the issue of "hybrid representation is best left to the sound discretion of the trial judge").

**ANALYSIS**

It is well established under the Antiterrorism and Effective Death Penalty Act of 1996 that it is not "an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009)). *See also Wright v. Van Patten*, 552 U.S. 120, 125 (2008) (reversing a Seventh Circuit decision granting habeas relief because no Supreme Court case "squarely addresses" the issue in the case); *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (limiting federal habeas relief to decisions contrary to the "applicable holdings" of the Court). The Supreme Court has never clearly recognized a constitutional right to advisory counsel. In fact, it has expressly stated that no such right exists: a defendant "does not have a constitutional right to choreograph special appearances by counsel." *McKaskle*, 465 U.S. at 183. As such, petitioner's claim that his federal constitutional rights were violated by a denial of advisory counsel is without merit. This right is simply not recognized, and the denial of it is therefore not an unreasonable application of federal law.

Further, the trial court reasonably denied petitioner's request for advisory counsel. Petitioner argues that the trial court failed to consider the legal complexity of the charges when denying his motion. According to petitioner, he did not adequately defend himself, noting he only cross-examined three of the prosecution's twelve witnesses; only called one witness and the witness was irrelevant to his defense; and clearly did not understand the legal theory of felony murder. However, a defendant takes the "substantial risk" of making errors in his self-representation when he "elects to waive his right to counsel." *Locks v. Sumner*, 703 F.2d 403, 408 (9th Cir. 1983). Petitioner was repeatedly made aware of the disadvantages of self-representation and cautioned that the trial court would

1  "not be inclined to continue the trial further [without good cause] since it's been set for
2  trial on numerous occasions."  RT at 3.  The court then asked petitioner if he still wished
3  to proceed "pro per," to which petitioner responded, "Yes, sir."  *Id.*  After this exchange,
4  the trial court ensured that petitioner understood the written *Faretta* waiver that he had
5  signed.  RT 3-9.  The trial court also noted the prosecutor's arguments regarding
6  petitioner's ability to understand the legal system, demonstrated by his numerous
7  motions and his ability to be a competent advocate for himself.  RT at 3-4.

After waiving his right to counsel, petitioner remained adamant in his requests for Mr. Tully to represent him.  The Supreme Court has made it clear that a criminal defendant who cannot afford to retain counsel has no right to counsel of his own choosing.  *See Wheat v. United States*, 486 U.S. 153, 159 (1988).  Nor is he entitled to an attorney who likes and feels comfortable with him.  *See United States v. Schaff*, 948 F.2d 501, 505 (9th Cir. 1991). The Sixth Amendment merely guarantees the assistance of counsel, not a "'meaningful relationship' between an accused and his counsel." *Morris v. Slappy*, 461 U.S. 1, 14 (1983).  The trial judge gave petitioner ample opportunity after his waiver request to be represented by a public defender, but told petitioner he would not directly appoint Mr. Tully.  Instead, petitioner elected to proceed to trial unrepresented. RT at 5-6.  The state court did not unreasonably apply federal law because the Supreme Court has ruled that there is no constitutional right to advisory counsel.  Even if such a right were recognized, the denial of specific advisory counsel was reasonable for the reasons set forth above.  For all these reasons, the claim is denied.

II. **REQUEST FOR A CONTINUANCE**

Petitioner next claims that the trial court's denial of his request for a continuance violated due process and the right to a fair trial.

**BACKGROUND**

The record indicates that petitioner made two requests for a continuance.  On February 16, 2011, the trial court granted one request for a continuance "due to

discovery not provided by DA." Answer, Ex. 10 at 115 (underscore in original). On March 23, 2011, petitioner renewed his request for a continuance of trial from May to September 2011 because he was unprepared "due to the late inquiry of Defendant's discovery . . . plus the time required to litigate said material." RT at 12-13. Petitioner also requested various items be provided to his investigator. CT at 88-90. The trial court addressed petitioner's motion at a hearing on April 18, 2011. In response, the prosecutor's investigator testified that much of petitioner's requested material had already been provided to petitioner's court-appointed investigator and the prosecutor explained that they could not comply with other discovery requests because the information did not exist. RT at 18-23. At this hearing, petitioner also pointed out that he could not view certain electronic files with the equipment available to him at Martinez Detention Facility. *Id.* at 15-23. Ultimately, the trial court denied the motion for the continuance because it lacked "good cause," as petitioner was seeking information that was either already provided to him or unimportant to his defense. *Id.* at 24. However, the court authorized petitioner's investigator to bring the appropriate equipment to Martinez Detention Facility so that he could view files at issue. *Id.* The Contra Costa County Superior Court denied petitioner's habeas petition raising this claim, finding that the trial court did not err because the "DA met its discovery obligations" and "petitioner's failure to properly prepare is his own fault." Answer, Ex. 10 at 115-16.

**LEGAL STANDARD**

Generally, "broad discretion must" be given to trial courts on "matters of continuances." *Morris v. Slappy*, 461 U.S. 1, 11 (1983). To establish a constitutional violation based on the denial of a continuance motion, a petitioner must show that the trial court abused its discretion through an "unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." *Id.* at 11-12 (internal quotation marks omitted). There are no "mechanical tests" that elucidate when a denial of a continuance is "so arbitrary as to violate due process." *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964). A court can only determine that there has been an abuse of discretion,

"'after carefully evaluating all relevant factors'" and concludes "'that the denial was arbitrary or unreasonable.'" *Armant v. Marquez*, 772 F.2d 552, 556 (9th Cir. 1985) (quoting *United States v. Flynt*, 765 F.2d 1352, 1358 (9th Cir. 1985)). The improper denial of a requested continuance warrants habeas relief only if the trial court's refusal to grant a continuance resulted in actual prejudice to petitioner. *Id*. See also *Gallego v. McDaniel*, 124 F.3d 1065, 1072 (9th Cir. 1997).

**ANALYSIS**

Petitioner argues that denying his request for a continuance barred him from addressing discovery issues, which rendered him unprepared for trial. If petitioner was unprepared for trial, the trial court's ruling did not cause his unpreparedness. The trial court granted petitioner's first request for a continuance to allow for discovery issues to be addressed; an entirely reasonable exercise of discretion. Petitioner subsequently renewed his request for a continuance seeking information that was either already provided to him, or information unimportant to his defense. However, it is clear from the record that these discovery issues were not the fault of the prosecution or the trial court, but rather a result of petitioner's choice to proceed *pro se*. Petitioner's investigator had been provided with all relevant documents by the prosecution. RT at 23. In effect, there were no discovery issues pertinent to petitioner's defense. Petitioner's unpreparedness was a direct result of his choice of self-representation, despite being warned repeatedly of its drawbacks. RT at 3-9. The court was well within its discretion when it denied the second request and answered for any remaining issues by providing petitioner with the equipment necessary to view the improperly formatted files. RT at 15-24. Considering this record, the trial court did not arbitrarily deny the continuance motion, as is required for habeas relief. *Armant*, 772 F.2d at 556. There was no justifiable reason for the delay, as petitioner had access to all discovery materials necessary to conduct his defense. As such, the trial court reasonably denied petitioner's request for a continuance and he is not entitled to habeas relief.

Further, petitioner does not adequately demonstrate how the denial of his motion for a continuance prejudiced his defense. The Ninth Circuit has explicitly stated that at least this much is required of petitioner in order to grant habeas relief on these grounds. *Gallego v. McDaniel*, 124 F.3d 1065, 1072 (9th Cir. 1997). Petitioner asserts that his defense was prejudiced, noting that he did not make an opening statement, called forth no helpful witnesses, and only cross-examined three out of the prosecution's twelve witnesses. Traverse at 8. Again, this evidence is more a direct result of petitioner's choice to represent himself than it is the fault of the trial court. These facts are also unrelated to the specific reasons petitioner was seeking the continuance. Petitioner wanted more time to prepare potential material for litigation that he had not received yet from the prosecution. Once it was discovered that this material was either available to him or did not exist entirely, petitioner should have prepared his defense accordingly.

Lastly, petitioner asserts that he was "still receiving discovery after the trial commenced, which proves the prosecution manipulated the record and the court" as evidence of prejudice. Traverse at 8. However, petitioner concedes that "the record does not show, and this court is not aware" of this fact. *Id.* Conclusory allegations are insufficient to support a collateral attack on a conviction. *James v. Borg*, 214 F.3d 20, 26 (9th Cir. 1994). ("[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."). This allegation has not been raised previously and is uncorroborated by any external evidence. As such, it cannot warrant habeas relief.

Accordingly, the denial of petitioner's request for a continuance was neither a result contrary to, nor an unreasonable application of clearly established Supreme Court law. This claim is denied.

## CONCLUSION

The petition for writ of habeas corpus is **DENIED** on the merits. A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims

11

debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

Dated:  July 16, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge

\\CANDOAK\Data\Users\PJHALL\_psp\2013\2013_03217_Arias_v_Virga_(PSP)\13-cv-03217-PJH-_hc.docx

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RENIE J. ARIAS,

        Plaintiff,

   v.

TIM VIRGA,

        Defendant.

Case No. 13-cv-03217-PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 16, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Renie J. Arias ID: AI-1324
CSP-Corcoran
40001 King Ave.
P.O. Box 8800
Corcoran, CA 93212-8309

Dated: July 16, 2015

                              Richard W. Wieking
                              Clerk, United States District Court

                              By: *Nichole Peric*
                              Nichole Peric, Deputy Clerk to the
                              Honorable PHYLLIS J. HAMILTON